**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN RIEMAN, | ) | CASE NO.1:05CV1708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| FRANK RUSSO, ET AL., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Leave to Submit Responses to Requests for Admissions Nunc Pro Tunc (ECF Dkt#11)and Defendants' Motion to Deem Request for Admissions Admitted (ECF Dkt#12). Plaintiff admittedly filed his responses to Defendants' Request for Admissions late. Plaintiff requests the Court allow his late responses because Defendants never filed notice of service of his requests as required by rule, discovery remained open and Defendants have suffered no prejudice.

On December 6, 2005, Defendants served on Plaintiff their First Set of Requests for Admissions. Rule 36(a) requires the party served to respond within thirty days. Plaintiff moved to have his responses admitted on February 3, 2006. Defendants further allege Plaintiff never

1

complied with the Courts November 1, 2005 Order requiring Plaintiff tailor his discovery requests by December 14, 2005, to reflect the limited discovery the Court would allow. Rule 36(a) states, "the matter is admitted unless, within thirty days after service of the request, or within shorter or longer time as the Court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."

Plaintiff fails to cite to any rule requiring Requests for Admission be filed with a notice of service because no rule exists. Federal rules and local rules do not require a filing of a notice of service of Requests for Admission. Therefore, Plaintiff answered the requests for admission late.

Defendant contends he is prejudiced by Plaintiff's late responses. Plaintiff filed his responses on February 3, 2006, but mailed them to Defendant and they were not received until February 6, 2006. All fact discovery was to be completed by February 15, 2006. The lateness of Plaintiff's responses and the nature of Plaintiff's responses create issues outside the limited discovery the Court expected parties to engage in.

Plaintiff contends in his affidavit Defendants failed to respond to Plaintiff's discovery requests. Defendants respond the Court required Plaintiff to narrow his discovery requests and Plaintiff failed to do so, therefore, Defendant never responded to the initial, voluminous discovery requests of Plaintiff.

There is no question Plaintiff's counsel filed his responses out of rule. Also, he has not provided the Court with a justifiable reason for the lateness of his responses. As Rule 36 is self-actuating, and Plaintiff has not provided an adequate excuse for the lateness of his responses, the

Court grants Defendants Motion to Deem Requests Admitted and denies Plaintiff's Motion to Respond Nunc Pro Tunc.

  IT IS SO ORDERED.


<u>August 28, 2006</u>       <u>s/Christopher A. Boyko</u>
Date           CHRISTOPHER A. BOYKO
             United States District Judge